THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:16-cv-00390-MR-DLH

TOMMY WILLIAM LINEBERGER and )
spouse MARCELLA WILSON )
LINEBERGER, )
)
                Plaintiffs, )
)
    vs. )              **O R D E R**
)
CBS CORPORATION, et al., )
)
                Defendants. )
_____ )

**THIS MATTER** is before the Court *sua sponte*.

On December 7, 2016, the Plaintiffs filed this action against multiple Defendants, including the Defendant R.T. Vanderbilt Holding Company, Inc., sued individually and as successor-in-interest to R.T. Vanderbilt Company, Inc. ("R.T. Vanderbilt Holding Company"). [Doc. 1]. More than 90 days have now passed from the filing of the Complaint, and there is nothing in the record to indicate that the Plaintiff has served R.T. Vanderbilt Holding Company.

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own

> after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Plaintiff is hereby placed on notice that unless good cause is shown to the Court for its failure to effect service of the Summons and Complaint on R.T. Vanderbilt Holding Company within fourteen (14) days from service of this Order, the Plaintiff's action against this Defendant shall be dismissed without prejudice without further order of the Court.

**IT IS, THEREFORE, ORDERED** that the Plaintiff shall show good cause within fourteen (14) days of service of this Order for the failure to effect service on the Defendant R.T. Vanderbilt Holding Company, Inc.

**IT IS SO ORDERED.**

Signed: August 8, 2017

Martin Reidinger
United States District Judge