# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv390

| | |
|---|---|
| TOMMY WILLIAM LINEBERGER, ) <br> MARCELLA WILSON LINEBERGER, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CBS CORPORATION, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is the Motion to Dismiss [# 74]. Plaintiff brought this action against Defendant Siemens Corporation. ("Defendant" or "Siemens") asserting claims for negligence, breach of implied warranty, gross negligence, and failure to warn. All of the claims stem from the decedent's alleged exposure to asbestos containing products. Defendant moves to dismiss the claims asserted against it in the Complaint. The Court **RECOMMENDS** that the District Court **DENY** the motion [# 74].

## I. Background

Plaintiff Tommy Lineberger ("T. Lineberger") is a resident and citizen of North Carolina. (Pl.'s Compl. ¶ 4, ECF No. 3.) Plaintiff Marcella Lineberger is the spouse of Plaintiff T. Lineberger and a resident of North Carolina. (Id. ¶ 5.) Plaintiff T. Lineberger was diagnosed with mesothelioma on September 23, 2016.

1

(Id. ¶ 10.)  Plaintiffs brought this action against Defendants as a result of his contracting mesothelioma.  (Id. ¶ 9.)

Plaintiff T. Lineberger contends that he contracted mesothelioma as a result of his exposure to asbestos and products that contain asbestos.  (Id. ¶ 17.)  Specifically, the Complaint alleges that Plaintiff T. Lineberger was exposed to asbestos: (1) during his employment as an electrician for Caldwell Electric from 1958-61 while doing residential and commercial electrical installations, renovations and service; (2) while working as a construction worker from 1961-71 doing residential construction of homes, multi-unit housing, and renovations; and (3) as a freight delivery driver from 1971-95.  (Id. ¶¶ 7, 11.)  Plaintiff T. Lineberger was a freight delivery driver at the Champion Paper Mill in Canton, North Carolina and the Hoescht Celanese Fiber Industries facility in Salisbury, North Carolina.  (Id.)  During his employment, Plaintiff T. Lineberger contends that he was exposed to asbestos containing materials including: pipe coverings, gaskets, turbines, boilers, joint compounds, asbestos-coated wiring, brakes, clutches, and other materials.

Plaintiff T. Linberger contends that Defendants are liable in this action because:

> Each Defendant corporation during the pertinent times mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or

2

equipment, which are or in the past were sold, distributed, and used in North Carolina. . . .

(Id. ¶ 7.) Plaintiff T. Lineberger was exposed to Defendant's asbestos-containing products during the course of his employment, and his exposure caused him to develop mesothelioma. (Id. ¶¶ 7, 17.)

Defendant moves to dismiss the claims asserted against it in the Amended Complaint pursuant to Rule 12(b)(6). In the alternative, Defendant moves for a more definite statement pursuant to Rule 12(e). The District Court referred the motion to this Court. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

**II.    Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendant's motion, the Court accepts the allegations in the Complaint as true and construes them in the light most favorable to Plaintiffs. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain

sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

## III. Analysis

Defendant contends that all of the claims asserted against it are subject to dismissal because the Complaint fails to specify what product Defendant manufactured that contained asbestos and how Plaintiff T. Lineberger was exposed to this specific product. Citing a host of unpublished district court decisions from various courts around the country, Defendant contends that Rule 8 requires Plaintiffs to specifically allege facts demonstrating the exact asbestos containing product Defendant produced to which Plaintiff T. Lineberger was exposed and where and when this exposure allegedly occurred. Having reviewed the decisions cited by Defendant, the Court declines to adopt such a restrictive reading of Rule 8.

The Complaint alleges factual information regarding Plaintiff T. Lineberger's employment, including the dates of his employment. The Complaint also describes the type of work Plaintiff T. Lineberger performed and alleges how he was exposed to asbestos during each of these periods of employment. In addition, Plaintiff alleges the exact locations of the facilities where he worked as a freight delivery driver. Plaintiffs also allege a list of asbestos containing products to which Plaintiff T Lineberger was exposed during his employment. Finally, Plaintiffs allege that Defendant was involved in the manufacture, production, or distribution of the asbestos containing products that Plaintiff T. Lineberger was exposed to while working at the jobs alleged in the Complaint. As the United

States District Court for the Eastern District of North Carolina has held, this is all that is required to state a claim under Rule 12(b)(6). Miller v. 3M Company, No. 5:12-Cv-00620-BR, 2013 WL 1338694, at * 2 (E.D.N.C. Apr. 1, 2013). Because the Complaint sets forth factual allegations that satisfy the requirements of Rule 8 and states a claim under Rule 12(b)(6), the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 74].

Moreover, the Complaint plainly sets forth the claims asserted against Defendant in a manner sufficient to allow Defendant to prepare a response. A more definite statement is not required in this case as the Complaint does not approach the level of being "so vague or ambiguous that [Defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(3). Accordingly, the Court also **RECOMMENDS** that the District Court **DENY** the motion to the extent it asserts, in the alternative, a Motion for More Definite Statement under Rule 12(e).

### IV. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 74].

Signed: August 12, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).