IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv390

| | |
|---|---|
| TOMMY WILLIAM LINEBERGER, <br> MARCELLA WILSON LINEBERGER, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CBS CORPORATION, et al., <br> <br> Defendants. | MEMORANDUM AND <br> RECOMMENDATION |

Pending before the Court is the Motion to Dismiss [# 91]. Plaintiff brought this action against Defendant RSCC Wire and Cable LLC ("Defendant" or "RSCC") asserting claims for negligence, breach of implied warranty, gross negligence, and failure to warn. All of the claims stem from Plaintiff T. Lineberger's alleged exposure to asbestos containing products. Defendant moves to dismiss the claims asserted against it in the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). The Court **RECOMMENDS** that the District Court **DENY** the motion [# 91].

**I.    Background**

Plaintiff Tommy Lineberger ("T. Lineberger") is a resident and citizen of North Carolina. (Pl.'s Compl. ¶ 4, ECF No. 3.) Plaintiff Marcella Lineberger is the spouse of Plaintiff T. Lineberger and a resident of North Carolina. (Id. ¶ 5.)

1

Plaintiff T. Lineberger was diagnosed with mesothelioma on September 23, 2016. (Id. ¶ 10.) Plaintiffs brought this action against Defendants as a result of his contracting mesothelioma. (Id. ¶ 9.)

Plaintiff T. Lineberger contends that he contracted mesothelioma as a result of his exposure to asbestos and products that contain asbestos. (Id. ¶ 17.) Specifically, the Complaint alleges that Plaintiff T. Lineberger was exposed to asbestos: (1) during his employment as an electrician for Caldwell Electric from 1958-61 while doing residential and commercial electrical installations, renovations and service; (2) while working as a construction worker from 1961-71 doing residential construction of homes, multi-unit housing, and renovations; and (3) as a freight delivery driver from 1971-95. (Id. ¶¶ 7, 11.) Plaintiff T. Lineberger was a freight delivery driver at the Champion Paper Mill in Canton, North Carolina and the Hoescht Celanese Fiber Industries facility in Salisbury, North Carolina. (Id.) During his employment, Plaintiff T. Lineberger contends that he was exposed to asbestos containing materials including: pipe coverings, gaskets, turbines, boilers, joint compounds, asbestos-coated wiring, brakes, clutches, and other materials.

Plaintiff T. Linberger contends that Defendants are liable in this action because:

> Each Defendant corporation during the pertinent times mined, manufactured, processed, imported, converted, compounded, supplied,

installed, replaced, repaired, used and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. . . .

(Id. ¶ 7.) Plaintiff T. Lineberger was exposed to Defendant's asbestos-containing products during the course of his employment, and his exposure caused him to develop mesothelioma. (Id. ¶¶ 7, 17.)

The Complaint alleges that jurisdiction is proper over Defendant because Defendant is engaged in business in the North Carolina, including the sale or distribution of asbestos containing products in North Carolina. (Id. ¶¶ 1, 6-7.) The Complaint also alleges that Defendant has caused "certain asbestos and asbestos-containing materials, products or equipment to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment came into use by the Plaintiff . . . . (Id. ¶ 15.) Plaintiff T. Lineberger was exposed to Defendant's asbestos containing materials or products during his employment in North Carolina. (Id. ¶¶ 16-17)

Defendant moves to dismiss the claims asserted against it in the Complaint pursuant to Rule 12(b)(2). The District Court referred the motion to this Court. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

Rule 12(b)(2) of the Federal Rules of Civil Procedure provide for the

dismissal of a defendant where the Court lacks personal jurisdiction over the defendant.  A plaintiff bears the burden of proving that the Court has personal jurisdiction over a defendant by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Beocare Grp., Inc. v. Morrissey, 124 F. Supp. 3d 696, 699 (W.D.N.C. 2015) (Voorhees, J.).  Courts are provided flexibility in how they address a motion to dismiss for lack of personal jurisdiction.  For example, a Court may rule on the motion based on the pleadings, hold an evidentiary hearing, or allow jurisdictional discovery prior to ruling on the motion.  See Marx Indus., Inc. v. Chestnut Ridge Foam, Inc., No. 5:11cv139-RLV, 2012 WL 4888322, at *2 (W.D.N.C. Oct. 12, 2012) (Voorhees, J.); Protocol, LLC v. Henderson, 18 F. Supp. 3d 689, 695 (M.D.N.C. 2014).  However, when a Court rules on a defendant's Rule 12(b)(2) motion to dismiss without an evidentiary hearing, such as the case here, a plaintiff need only set forth a prima facie case that the Court has personal jurisdiction over the defendant. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993).  In determining whether a plaintiff has made this prima facie showing, the Court construes the allegations in the complaint in the light most favorable to the plaintiff and must resolve all factual disputes in favor of the plaintiff.  New Wellington, 416 F.3d at 294; Mylan Labs., 2 F.3d at 60; Morrissey, 124 F. Supp. 3d at 699-700.

     In order to determine whether Plaintiffs have satisfied their burden, the

Court must engage in a two-step analysis. Ellicott Mach. Corp ., Inc. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993); Vishay Intertechnology, Inc. v. Delta Int'l Corp., 696 F.2d 1062, 1064 (4th Cir.1982). First, the Court must determine whether the exercise of jurisdiction over a nonresident defendant is authorized by North Carolina's long-arm statute. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Second, the Court considers whether the exercise of jurisdiction over the defendant comports with the Due Process Clause of the Fourteenth Amendment. New Wellington, 416 F.3d at 294; Ellicott Mach., 995 F.2d at 477. Because the North Carolina Supreme Court has interpreted the state's long-arm statute to reach the constitutional limits of due process, Dillon v. Numismatic Funding Corp., 231 S.E.2d 629, 630-31 (N.C.1977), courts often compress this two-step inquiry into a single inquiry, see Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014); CEM Corp. v. Personal Chemistry, 55 F. App'x 621, 623 (4th Cir. 2003) (unpublished); Morrissey, 124 F. Supp. 3d at 700; Gen. Latex & Chem. Corp. v. Phoenix Med. Tech., Inc. 765 F. Supp. 1246, 1249 n. 1 (W.D.N.C.1991) (Potter, J.).

Personal jurisdiction may either be specific or general. ALS Scan Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 711-12 (4th Cir. 2002). Where a defendant's contacts with the forum state also provide the basis for the suit against the defendant, the contacts may establish specific jurisdiction. Id.; Carefirst of Md,

Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 397 (4th Cir. 2003). "In determining whether specific jurisdiction exists, we consider (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be considered reasonable." Carefirst, 334 F.3d at 397 (internal quotation and citation omitted); see also Consulting Eng'r Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009). In contrast, where a defendant's contacts with the forum state are not also the basis of the claims, then jurisdiction over the defendant must constitute general jurisdiction. Id. "To establish general jurisdiction, the defendant's activities in the state must have been continuous and systematic." Id. (internal quotations and citation omitted).

### III. Analysis

**A. The Timelines of the Motion**

As a threshold matter, Plaintiff contends that Defendant has waived its 12(b)(2) defense of personal jurisdiction by failing to file its motion in a timely manner. Plaintiff initiated this action on December 7, 2016. Both parties agree that Defendant was served with a copy of the Summons and Complaint on December 15, 2016. Defendant's answer or Rule 12 motion was due twenty-one days later. Fed. R. Civ. P. 12(a)(1)(A)(i). As such, Defendant's response to the

6

Complaint was due by January 5, 2017. Defendant, however, waited until February 6, 2017, to file its motion. Thus, absent the filing of a motion to extend the time to respond by Defendant, and an order by this Court granting such a motion, Defendant's response is untimely.

A review of the record reflects that Defendant, unlike many of the other Defendants in this action, failed to file such a motion. Rather than file a motion with the Court, counsel for Defendant emailed Plaintiff and requested an extension of time. Although Plaintiff consented to the extension, it was incumbent on counsel for Defendant to file a motion with the Court because the parties may not alter the timeline for responding to the Complaint on their own.

Ordinarily, the Court would strike the motion from the record and require Defendant to demonstrate whether counsel's failure to seek an extension of time with the Court prior to the expiration of the deadline was the result of "excusable neglect" pursuant to Rule 6(b)(1)(B).[1] In light of the fact that Plaintiff consented to the extension, however, the Court finds that such a course of action would only delay the resolution of this motion because the Court would find counsel's failure to follow through with filing the motion after obtaining the consent of Plaintiff constituted excusable neglect under the circumstances of this case. Moreover,

---

[1] Because counsel failed to move for an extension of time prior to the expiration of the deadline, Defendant cannot rely on the "good cause" provision of Rule 6(b)(1)(A). The fact that counsel may have sought Plaintiff's consent to the extension prior to the deadline's expiration is irrelevant.

7

barring Defendant from raising the defense of personal jurisdiction based on these facts would be an unreasonable sanction to Defendant for the failure of its counsel to file a motion requesting an extension of time. Accordingly, the Court **GRANTS** *nunc pro tunc* an extension of time through February 6, 2017, for Defendant to answer or otherwise respond to the Complaint.

### B. Personal Jurisdiction

Construing the allegations in the Complaint in the light most favorable to Plaintiffs and resolving all factual disputes in favor of the Plaintiffs, as the Court is required to do at this stage of the proceedings, the Court finds that Plaintiffs have satisfied their burden of setting forth a prima facie case that the Court has personal jurisdiction over Defendant. The Complaint alleges that Defendant sold or distributed products in North Carolina that contained asbestos, thereby purposefully availing itself of the privilege of conducting activities in the State. Moreover, the Complaint alleges that Plaintiff T. Lineberger was exposed to Defendant's asbestos containing products while working in North Carolina, and that this exposure led to Plaintiff T. Lineberger's Mesothelioma. Thus, the claims asserted in the Complaint arise out of Defendant's alleged contacts with the State. Finally, the exercise of personal jurisdiction over a defendant based on such allegations is constitutionally reasonable; Defendant could anticipate being brought to court in North Carolina if it sold or distributed its products in North Carolina,

and that these products injured an individual in North Carolina.

In an attempt to counter the jurisdictional allegations in the Complaint, Defendant submits the affidavit of John Regalbuti, which states that sales to North Carolina are less than .01% of its total sales. (Regalbuti Aff. ¶ 10, ECF No. 92-1.) Such evidence, however, is not properly before the Court at this time because the Court has ruled only on the pleadings. As the United States Court of Appeals for the Fourth Circuit has explained:

> If the existence of jurisdiction turns on disputed factual questions the court may resolve the challenge on the basis of a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. **But when, as here, the court addresses the question on the basis only of motion papers, supporting memoranda and the relevant allegations of the complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge.**

Combs v. Bakker, 88 F.2d 673, 676 (4th Cir. 1989) (emphasis added).[2] The Court can resolve any personal jurisdictional issue at summary judgment based on the evidence submitted by both parties at that time. This Court, however, will not consider the evidentiary submissions of Defendant at the motion to dismiss stage without providing either an evidentiary hearing in which Plaintiffs could cross

---

[2] The Court notes that Defendant misrepresents Combs in its initial brief by stating: "Where a challenge to jurisdiction is addressed on the basis of pleadings, supporting legal memoranda, **and affidavits**, the burden on plaintiff is simply to make a *prima facie* showing of a sufficient jurisdictional basis." (Def.'s Mem. In Supp. Mot. Dismiss 3, ECF No. 92) (emphasis added).

examine Defendant's witnesses or allowing Plaintiffs the opportunity to obtain and submit jurisdictional discovery to counter the factual submissions of Defendant. Here, the only questions is whether the Complaint alleges a sufficient factual basis of jurisdiction to bring suit in this Court against Defendant; the Court finds that Plaintiffs have satisfied their burden. The Court **RECOMENDS** that the District Court **DEN**Y the Motion to Dismiss [# 91].

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss [# 91].

Signed: August 12, 2017

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).