# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00390-MR-DLH

| TOMMY WILLIAM LINEBERGER and MARCELLA WILSON LINEBERGER, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | **O R D E R** |
| CBS CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the Court on the Defendant Siemens Corporation's Motion to Certify Interlocutory Appeal [Doc. 139].

## I.  PROCEDURAL BACKGROUND

The Plaintiffs Tommy William Lineberger and Marcella Wilson Lineberger, husband and wife, brought this diversity action against Defendants CBS Corporation, *et al.*, as a result of Mr. Lineberger's alleged contraction of mesothelioma from exposure to asbestos and products that contain asbestos. [Doc. 1].

On January 30, 2017, Siemens moved to dismiss, or, in the alternative, for a more definite statement pursuant to Rule 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure. [Doc. 74]. On August 14, 2017, the

Magistrate Judge issued a Memorandum and Recommendation, recommending that Siemens' motion be denied. [Doc. 126]. Siemens timely objected to the Magistrate Judge's recommendation, arguing that the Magistrate Judge misapplied Rule 8 of the Federal Rules of Civil Procedure. [Doc. 132]. On September 5, 2017, this Court overruled Siemens' objections and adopted the Memorandum and Recommendation. [Doc. 134].

On September 19, 2017, Siemens filed the present motion, requesting that the Court amend its September 5, 2017 Order to include certification for immediate interlocutory appeal. [Doc. 139]. Specifically, Siemens poses the following question for certification:

> [W]hether an asbestos complaint that makes only undifferentiated allegations against all defendants as a collective group satisfies the pleading requirements of Rules 8 and 12(b)(6), as elucidated in Bell Atlantic Corp v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)[?]

[Id.]. To date, Plaintiff has not filed a response to Seimens' motion.[1] The matter is now ripe for disposition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for immediate appeal where (1) the "order involves a

---
[1] Plaintiff's response was due by October 3, 2017.

2

controlling question of law," (2) "as to which there is substantial ground for difference of opinion" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Section 1292(b) "was not intended to allow interlocutory appeal in ordinary suits," or "as a vehicle to provide early review of difficult rulings in hard cases." State ex rel. Howes v. Peele, 889 F.Supp. 849, 852 (E.D.N.C.1995) (quoting in part Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982)). Rather, section 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Id. Further, even when "the requirements of section 1292(b) are satisfied, the district court has 'unfettered discretion' to decline to certify an interlocutory appeal if exceptional circumstances are absent." Manion v. Spectrum Healthcare Res., 966 F.Supp.2d 561, 567 (E.D.N.C.2013). Here, the requirements of section 1292(b) have not been satisfied and, even if they were satisfied, no exceptional circumstances exist in this case.

First, Siemens has not posed a controlling question of law. "In order for a question to be 'controlling,' the district court must actually have decided such question." Commonwealth of Virginia ex rel. Integra Rec LLC v. Countrywide Sec. Corp., No. 3:14CV706, 2015 WL 3540473, at *4 (E.D. Va.

3

June 3, 2015) (citations omitted). The Court, contrary to Siemens' arguments, did not decide whether "only undifferentiated allegations against Defendants" is sufficient to survive a motion to dismiss. Rather, the adopted Memorandum and Recommendation analyzed whether the specific allegations in the Plaintiffs' Complaint, considered under the applicable law, were sufficient to survive Siemens' motion to dismiss. [Doc. 126 at 5, 6]. Particularly, in this case the Plaintiffs described in the Complaint "the type of work Plaintiff T. Lineberger performed and allege[d] how he was exposed to asbestos during each of these periods of employment. In addition, Plaintiff allege[d] the exact locations of the facilities where he worked as a freight delivery driver. Plaintiffs also allege[d] a list of asbestos containing products to which Plaintiff T. Lineberger was exposed during his employment. Finally, Plaintiffs allege[d] that Defendant was involved in the manufacture, production, or distribution of the asbestos containing products that Plaintiff T. Lineberger was exposed to while working at the jobs alleged in the Complaint." [Id. At 5]. This is not a group of "undifferentiated allegations against the Defendants" as Defendant asserts. As such, Siemens' posed question was not actually decided and is not a controlling question of law.

Second, Siemens has not shown there is substantial ground for difference of opinion. "An issue presents a substantial ground for difference

4

of opinion if courts, as opposed to parties, disagree on a controlling legal issue." Randolph v. ADT Sec. Servs., Inc., No. DKC 09–1790, 2012 WL 273722, at *6 (D.Md. Jan. 30, 2012). Siemens cites and reargues the application of cases this Court has already previously considered and found unpersuasive, particularly as they pertain to the Complaint filed in this case. The Court's decision involved a straightforward application of well-known legal standards. Further, the adopted Memorandum and Recommendation also differentiated between unpersuasive and applicable case law by specifically citing to the decision by the United States District Court for the Eastern District of North Carolina in Miller v. 3M Company, No. 5:12-Cv-00620-BR, 2013 WL 1338694, at * 2 (E.D.N.C. Apr. 1, 2013). [Doc. 126 at 6].

Third, Siemens has not shown an immediate appeal would materially advance the ultimate termination of this litigation. Contrary to Siemens' arguments, an immediate appeal would only complicate this litigation. The numerous Defendants remaining in this case have filed Answers, discovery is proceeding, and a mediator has already been selected.

Finally, even if the requirements of section 1292(b) had been satisfied, there are no exceptional circumstances in this case. Defendant Siemens has not shown that there are any "exceptional circumstances [to] justify a

departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978) (internal quotations omitted). Moreover, an immediate appeal could easily create more litigation and expense, as well as cause inefficient use of the Fourth Circuit's resources. Therefore, even if the requirements of section 1292(b) had been satisfied, no exceptional circumstances exist that warrant justification of an immediate interlocutory appeal.

For all of these reasons, the Defendant's motion to certify interlocutory appeal is denied.

**IT IS, THEREFORE, ORDERED** that the Siemens Corporations' Motion to Certify Interlocutory Appeal [Doc. 139] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 5, 2017

Martin Reidinger
United States District Judge